IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN STERLING,<br>　　Petitioner | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 1:CV-15-2380 |
| DAVID J. EBBERT,<br>　　Respondent | : <br> : <br> : <br> : | (Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction*

The pro se petitioner, Justin Sterling, an inmate at USP-Atwater, in Atwater, California, filed this petition under 28 U.S.C. § 2241 while he was confined at USP-Lewisburg, in Lewisburg, Pennsylvania. In addition to section 2241, he seeks relief by way of a petition for a writ of error *coram nobis* or for a writ of *audita querela*. Petitioner claims that some of his sentences were imposed in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury and proven beyond a reasonable doubt. 133 S.Ct. at 2155.

II. *Background*

On July 13, 2005, in the United States District Court for the Western District of Louisiana, Petitioner was charged in a superseding indictment, in relevant part, with the following offenses:

> three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 5, 7); one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 3); four counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Counts 2, 4, 6, 8); [and] one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 9).

*United States v. Sterling*, No. 05-CR-20061, 2010 WL 3199860, at *3 (W.D. La. Aug. 9, 2010). Before trial, Petitioner pled guilty to Counts 3 and 4. *Id.* The jury found him guilty on the other counts. *Id.*

On December 14, 2006, Petitioner was sentenced. (Doc. 7-1, ECF p. 29). The sentence was as follows: (1) 168 months of imprisonment on each of Counts 1, 3, 5, and 7, and 60 months on Count 9, all running concurrently with each other; (2) ten years on Count 4 running consecutively to all other sentences; and (3) 25 years of imprisonment on Counts 2, 6, and 8, running consecutively to each other and to all other sentences. (Id., ECF p. 31). Petitioner's total sentence was 99 years. *Sterling*, *supra*, 2010 WL 3199860, at *3.

Petitioner filed a direct appeal, and the Fifth Circuit affirmed. *United States v. Sterling*, 555 F.3d 452 (5th Cir. 2009). The Supreme Court denied a petition for a writ of certiorari.

On January 31, 2010, Petitioner filed a motion for a reduction in sentence based on the retroactive application of changes to the guidelines dealing with crack cocaine offenses. (*Id.*, ECF p. 19). The district court granted the motion and entered an amended judgment on February 1, 2010. The amended judgment reduced Petitioner's sentence on Counts 1, 3, 5, and 7 to 135 months from 168 months, leaving the sentences on the other counts intact. (*Id.*) The amended judgment reduced Petitioner's sentence to 96 years and four months.

On May 18, 2010, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. (*Id.*) On August 9, 2010, the district court denied the motion. *Sterling*, *supra*, 2010 WL 3199860 (W.D. La.). On April 8, 2011, the Fifth Circuit denied Petitioner's application for a certificate of appealability. (Doc. 7-1, ECF p. 21).

Petitioner filed other collateral motions. One of them was a motion filed with the Fifth Circuit seeking approval to pursue a second or successive 2255 motion based on *Alleyne*. *In re Sterling*, No. 13-30878 (5th Cir.). On November 7, 2013, the Fifth Circuit denied the motion because *Alleyne* had not been made retroactive to cases on collateral review.

III. *Discussion*

Petitioner contends that he received a ten-year sentence on Count 4 on a finding that the firearm was discharged during a drug-trafficking crime. See 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 3, ECF p. 2, Pet'r's brief). He contends he received 25 years on each of Counts 2, 6, and 8 on the basis that they were second or

subsequent offenses. See 18 U.S.C. § 924(c)(1)(C)(i). (Doc. 3, ECF p. 2, Pet'r's brief).

Petitioner maintains that the statutory sentencing increases he received on these counts, totaling 85 years, were improper because the facts that would have justified those increases were never submitted to the jury. He argues this violated *Alleyne* because it requires that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2155. Absent a jury finding on those facts, Petitioner maintains he can only receive the minimum five-year increase set forth in 18 U.S.C. § 924(c)(1)(A)(i). For Petitioner, this means that he should only have to serve 20 years consecutively to the 135 months (11 years and four months) he must serve concurrently on the other offenses.

A. *Petitioner cannot proceed by way of section 2241*

Petitioner argues that *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), allows him to present his *Alleyne* claim by way of section 2241. We disagree.

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). When challenging the validity rather

- 4 -

than the execution of a federal sentence, a federal prisoner must do so through a section 2255 motion. *Dorsainvil*, 119 F.3d at 249.

Section 2255(h) provides that federal prisoners like Petitioner, who have already filed a section 2255 motion, may file a "second or successive motion," but only in certain limited circumstances: when "a panel of the appropriate court of appeals" has certified that the second or successive motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

With limited exception, section 2255 does not permit prisoners to challenge the validity of their conviction or sentence through a section 2241 habeas petition. Under highly exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under section 2241, but only where the remedy afforded by section 2255(a) "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Dorsainvil*, 119 F.3d at 249-51; *Abed v. Bledsoe*, 473 F. App'x 106, 107-108 (3d Cir. 2012)(nonprecedential).

For a section 2241 petition to be appropriate, the inadequacy or ineffectiveness of a section 2255 motion must be "a limitation of scope or procedure

[that] would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle,* 290 F.3d at 538-39. A section 2255 motion is not "inadequate or ineffective" merely because he filed such a motion and was denied relief, or he otherwise cannot meet the stringent gatekeeping requirements of § 2255(h) to file a second or successive 2255 motion. *Troiano v. Warden Allenwood USP*, 614 F. App'x 49, 51 (3d Cir. 2015)(nonprecedential).

The Third Circuit has only applied the savings clause in the rare situation where an intervening change in law has decriminalized the actions underlying the prisoner's conviction. *Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251). A section 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)(quoting *Dorsainvil*, 119 F.3d at 252). The savings clause of section 2255, however, is confined to instances of actual innocence of the underlying offense of conviction, not innocence of a sentencing factor. "Section 2241 is not available for intervening changes in the sentencing law" as such alterations would not render the crime for which the prisoner was convicted non-criminal. *United States v. Kenney*, 391 F.

App'x 169, 172 (3d Cir. 2010) (nonprecedential)(citing *Okereke,* 307 F.3d at 120-121).

Here Sterling does not allege facts bringing his conviction within *Dorsainvil*. He does not claim to be innocent of the underlying offenses, only that under *Alleyne* his statutory sentencing factors had to be determined by the jury. He therefore cannot rely on section 2241. *See Gordon v. United States*, 639 F. App'x 162, 163 (3d Cir. 2016)(nonprecedential)(refusing to entertain an *Alleyne* claim under section 2241 by way of *Dorsainvil* because *Alleyne* did not decriminalize the conduct of conviction); *Talik v. Warden Lewisburg USP*, 621 F. App'x 94, 95 (3d Cir. 2015) (nonprecedential) (same). *See also Robinson v. Warden Schuylkill FCI*, 687 F. App'x 125, 127 (3d Cir. 2017)(nonprecedential)("This Court has applied [the] 'safety valve' only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law.").

Petitioner therefore cannot rely on *Dorsainvil* to pursue his section 2241 petition.

> B. *The Supreme Court's decision in* Boumediene v. Bush *does not indicate that* Dorsainvil *should be extended to sentencing factors*

Petitioner contends that the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. 723 (2008), indicates that *Dorsainvil* should be extended to the claim he is making here concerning sentencing factors. He quotes some broad language from the *Boumediene* opinion dealing with the purpose of habeas corpus

and stating that the remedy is adaptable to the circumstances of the particular case. *Id.* at 779. He focuses on language where the Court stated: "that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Id.* at 779 (quoted case omitted).

*Boumediene* is distinguishable. It dealt with the Detainee Treatment Act of 2005 for alien combatants held at Guantanamo Bay and whether the act was an adequate substitute for habeas corpus. Neither the case nor the broad language Petitioner cites has any bearing on the Third Circuit's interpretation in *Dorsainvil* of section 2255's savings clause. We therefore reject this argument.

We add that part of Petitioner's justification in citing *Boumediene* for extending *Alleyne* to his claim is that *Alleyne* applies retroactively. (Doc. 3, ECF p. 16). However, contrary to Petitioner's position, *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *Baker v. Warden Fort Dix FCI*, 605 F. App'x 132, 134 n.3 (3d Cir. 2015)(nonprecedential).[1]

---

[1] Petitioner makes other arguments in the *Boumediene* section of his brief. He cites *Hicks v. Oklahoma*, 447 U.S. 343 (1980), to argue that his *Alleyne* claim is also a due process violation. *Hicks* is not relevant to the *Alleyne* claim. Citing *United States v. Clark*, 260 F.3d 382, 388 (5th Cir. 2001)(dissenting, Parker, J.), Petitioner also argues he is actually innocent of the sentencing factors used to increase his sentence. This argument is foreclosed by the Third Circuit's decisions that do not extend *Dorsainvil* past a defendant's conduct to sentencing issues. Petitioner further argues that failure to apply *Alleyne* would violate the ex post facto clause. This argument lacks merit and fails to show why Petitioner is entitled to employ section 2241.

### C. *The Supreme Court's* Persaud *decision does not entitle Petitioner to rely on section 2241*

Petitioner asserts that the Supreme Court's decision to remand for further proceedings in *Persaud v. United States*, 134 S.Ct. 1023 (2014), indicates that section 2241 should apply under the savings clause not just to a defendant who claims his conduct is no longer criminal but also to a defendant, like Petitioner, who claims he is innocent of the sentence imposed.

In *Persaud*, the Supreme Court granted a petition for a writ of certiorari, vacated the judgment of the Fourth Circuit, and remanded "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States . . . ." 134 S.Ct. at 1023. In his brief, the Solicitor General argued that a defendant should be able to use section 2241 by way of the savings clause to challenge certain sentencing errors, and that the clause should not be limited to challenges to convictions. Brief for United States, *Persaud v. United States*, 134 S.Ct. 1023 (2014)(No. 13-6435), 2013 WL 7088877, at *18-19.

We disagree with Petitioner. The Supreme Court's action in *Persaud*, issuing a "GVR" order (granting certiorari, vacating the judgment of the court below, and remanding for further proceedings) has no precedential value, and there is no reason for us to depart from Third Circuit case law on the issue. *See Gibson v. Thomas*, No. 14-CV-820, 2017 WL 714048, at *1 (M.D. Pa. Feb. 23, 2017)(the court did not have to follow *Persaud* since the Supreme Court did not adopt the Solicitor General's position and hence the case was not controlling authority); *Rodriguez v. Thomas*, No. 14-CV-1121, 2015 WL 179057, at *4 (M.D. Pa. Jan. 14, 2015)(rejecting

the *Persaud* argument because a GVR order has no precedential value so the court was bound to follow Third Circuit authority in *Okereke* requiring *Alleyne* claims to be brought under section 2255, not 2241). *See also Pettaway v. Vasquez*, 654 F. App'x 198, 199 (5th Cir. 2016) (nonprecedential)(*Persaud* was not a substantive decision so it does not support the petitioner's claim that his sentencing challenges can be brought under section 2241).

        D. *Petitioner is not eligible for* coram nobis *relief*

Petitioner argues that if he is not entitled to relief under section 2241, he can seek relief by way of a petition for a writ of error *coram nobis*.

Petitioner is not eligible for *coram nobis* relief because such relief is only available for a person who is no longer in custody. *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, like Chaidez, who is no longer "in custody" and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."); *United States v. Dwumaah*, 570 F. App'x 193, 196 (3d Cir. 2014)(nonprecedential)(one requirement for *coram nobis* relief is that the person "must no longer be in custody and therefore not be eligible for alternative remedies such as *habeas corpus*")(citing *Chaidez*); *United States v. Morris*, No. 12-CR-105, 2016 WL 6599959, at *2 (M.D. Pa. Nov. 7, 2016)(Caldwell, J.)("Defendant is still incarcerated . . . and therefore *coram nobis* is not applicable.")(citing *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000)).

E. *Petitioner is not eligible for relief by way of a writ of* audita querela

Petitioner contends that if no other avenue of relief is available, he is entitled to relief by way of a petition for a writ of *audita querela*. "The common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)(quoted case omitted). The writ of *audita querela* "is available in criminal cases to the extent it fills in gaps in the current system of post-conviction relief." *Id.*

Generally, "[t]here is no gap to fill in the post-conviction remedies" because a defendant may rely on a motion under 28 U.S.C. § 2255 "to collaterally challenge a federal conviction or sentence." *Id.* (footnote omitted). And if section 2255 is "inadequate or ineffective" to test the legality of her detention, the defendant has resort to section 2241. *Id.* at 174 n.1.

Here, however, Petitioner does not have resort to section 2255 or section 2241. Petitioner contends that if *audita querela* is not available in these circumstances, it would present a "thorny constitutional issue," citing *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)(quoting *Dorsainvil*, 119 F.3d at 248). It would raise "serious questions about the constitutional validity of both § 2255 and § 2241." *Id.*

Nonetheless, Petitioner cannot invoke *audita querela*. As noted above, *Alleyne* does not apply retroactively to cases on collateral review. *Reyes*, 755 F.3d at 212. "There is, therefore, no colorable claim of a constitutional violation, and,

hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions." *Richter*, 510 F.3d at 104 (because *United States v. Booker*, 543 U.S. 220 (2005), was not retroactive to cases on collateral review, there was no need to consider allowing the defendant to pursue his *Booker* claim by way of *audita querela* since the absence of other avenues of collateral attack would not raise serious constitutional questions).

IV. *Conclusion*

We will issue an order dismissing the petition for lack of jurisdiction.[2] We will not issue a certificate of appealability as Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 14, 2017

---

[2] Where a federal prisoner improperly challenges their federal conviction or sentence under § 2241, the district court must typically dismiss the petition for lack of jurisdiction. *Cradle, supra,* 290 F.3d at 539.